**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 13-4400**

———————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

DONNELL HAGOOD, a/k/a Sadler,

              Defendant - Appellant.

———————————

**No. 13-4415**

———————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

LADREQUZ POLK, a/k/a Popsicle,

              Defendant - Appellant.

———————————

Appeals from the United States District Court for the District
of South Carolina, at Greenville.   Timothy M. Cain, District
Judge. (6:12-cr-00635-TMC-1; 6:12-cr-00635-TMC-2)

———————————

Submitted: February 27, 2014        Decided:  March 26, 2014

———————————

Before MOTZ and DIAZ, Circuit Judges, and DAVIS, Senior Circuit
Judge.

———————————

Dismissed in part; affirmed in part by unpublished per curiam opinion.

———————————

Jessica Salvini, SALVINI & BENNETT, LLC, Greenville, South Carolina; Lora E. Collins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellants. Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donnell Hagood pleaded guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute and distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) (2012), and using and carrying a firearm during and in relation to, and in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2012).  Ladrequz Polk also pleaded guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute and distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A).  In this consolidated appeal, Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), on behalf of Hagood and Polk ("Appellants"), asserting that there are no meritorious issues for appeal but questioning the reasonableness of Appellants' respective sentences.[*]  The Government has filed separate motions to dismiss the appeals as barred by the appellate waiver contained in the Appellants' plea agreements.  We affirm in part and dismiss in part.

Upon review of the plea agreements and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Appellants

_____

[*] Neither Appellant has filed a pro se supplemental brief, though informed of his right to do so.

knowingly and voluntarily waived the right to appeal their convictions and sentences, save for claims of ineffective assistance of counsel and prosecutorial misconduct. We also conclude that each Appellant's challenges to the reasonableness of his respective sentence falls within the scope of his waiver of appellate rights. See United States v. Copeland, 707 F.3d 522, 528-29 (4th Cir. 2013) ("A defendant may waive his right to appeal his conviction and sentence so long as the waiver is knowing and voluntary," and the issues raised are within the scope of the valid waiver). We therefore grant in part the Government's motions to dismiss the appeals.

In accordance with Anders, we have reviewed the entire record for meritorious issues outside the scope of the waiver and have found none. Accordingly, we affirm the district court's judgment as to all issues not encompassed by Appellants' valid waivers. This court requires that counsel inform their clients, in writing, of the right to petition the Supreme Court of the United States for further review. If either requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on her client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before this court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>